**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES KING,

        Plaintiff,

v.                                                                Case No. 3:18-cv-1252-J-32MCR

CENTURION OF FLORIDA, LLC, et al.,

        Defendants.

_____

**<u>ORDER OF DISMISSAL WITHOUT PREJUDICE</u>**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He also filed a request to proceed as a pauper (Doc. 2). He asserts claims that Defendants are "maliciously participating in fraudulent and embezzling criminal activities" by taking a $5 medical co-payment from him while denying him necessary medical treatment. More specifically, Plaintiff discusses issues with his contact lenses, a skin rash that develops after he receives his HIV treatment, and his left knee.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

The Court takes judicial notice of filings previously brought by Plaintiff in a Court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 6:96-cv-927-GKS (M.D. Fla.) (dismissed as frivolous); (2) 6:96-cv-1111-GKS (M.D. Fla.) (dismissed as frivolous); (3) 0:98-6676-Civ-GOLD (S.D. Fla.) (dismissed for failure to state a claim). [1] The Court also takes judicial notice of case no. 3:18-cv-1029-J-39MCR (M.D. Fla.), a case recently filed by Plaintiff that this Court dismissed based on Plaintiff's status as a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). Because Plaintiff has had three or more prior qualifying dismissals, he must be in imminent danger of serious physical injury to proceed as a pauper in this case as he has requested.

The Court has reviewed Plaintiff's allegations in his Complaint as well as the attached grievances. Plaintiff has been receiving medical care, but he disagrees with what appears to be the most-recent diagnosis and prescription regarding his eyesight

---

[1] On page 4 of the Complaint in this case, Plaintiff avers that he "has not initiated any lawsuits nor appeals from lawsuits in the Federal Courts that have been dismissed as frivolous, malicious, nor for a failure to state a claim upon which relief may be granted." Plaintiff is advised that such false statements will not be tolerated.

and is unhappy with the time he has had to wait to receive his contact lenses, contact solution, and optometry appointments. He is also unhappy with not automatically receiving an anti-itch cream for the skin irritation that results from his HIV treatment. And he complains about not receiving "any form of support for the left knee to keep Plaintiff from falling due to the knee suddenly giving out."

Considering the totality of Plaintiff's allegations, the Court finds that his allegations do not warrant the imminent danger exception to dismissal. Plaintiff largely disagrees with the care he is receiving and with the co-payments charged. On June 5, 2018, in a grievance response (Doc. 1-1 at 105), the Chief Health Officer noted that Plaintiff was seen on May 29, 2018 in response to Plaintiff's request regarding his left knee and "cream for the itching" (Doc. 1-1 at 104). Despite Plaintiff claiming that he "never receives" the anti-itch cream (Doc. 1 at 24), on June 25, 2018, Plaintiff acknowledged on an inmate sick-call request that he received the cream, although he stated he was "still itching with the cream." Doc. 1-1 at 74. It appears that Plaintiff's biggest complaint is that he has to initiate a sick call to receive the anti-itch cream and when he does that, he is charged the $5 co-payment. But, being charged the co-payments does not affect Plaintiff's physical state. As to Plaintiff's eyesight, he acknowledges that he was evaluated on August 29, 2018, but he disagrees with the diagnosis: he finds it incredulous that his "visual acuity complications" could have "suddenly improved without proper eye care or surgery." Doc. 1 at 21. He also disagrees with the doctor's prescription of "another pair of bifocals" because the last bifocals caused him "to vomit, dizziness, halo around objects, unbalance, etc." Doc. 1

3

at 21. On August 30, 2018, the Chief Health Officer responded to Plaintiff's grievance regarding his eyesight issues: "Review of records indicates that you do not have a visual impairment grade that would constitute a keyed lock pass. Medical passes are ordered at the discretion of the primary care provider based on their clinical and professional judgment. You are being treated in accordance with FDC policy and procedure." Doc. 1-1 at 67.

In sum, there has not been a complete withdrawal of treatment or delay in treatment that would cause Plaintiff to be in imminent danger of serious physical injury at the time he filed the Complaint. Therefore, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $400.00 filing fee. Accordingly, it is

**ORDERED:**

1.     This case is hereby **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

caw 11/1
c:
James King, #698823

4